# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| American Inter-Fidelity Corporation, as Attorney-in-fact for American Inter-Fidelity Exchange,<br><br>Plaintiff,<br><br>vs.<br><br>Lawrence Washington, Mary Washington, Kym Michelle Koontz and Thurmond Logistics, LLC, AKA R. Thurmond Logistics, LLC,<br><br>Defendants. | Civil Action No. 2:24-cv-04828-BHH<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(Non-jury)** |

Plaintiff American Inter-Fidelity Corporation, as Attorney-in-fact for American Inter-Fidelity Exchange ("AIFE"), by and through its undersigned counsel, complaining of the Defendants Lawrence Washington, Mary Washington, Kym Michelle Koontz and Thurmond Logistics, LLC, AKA R. Thurmond Logistics, LLC, respectfully alleges and states as follows:

## BACKGROUND

1. Defendant American Inter-Fidelity Corporation (hereinafter "Defendant") is attorney in fact for American Inter-Fidelity Exchange (hereinafter "AIFE") and is an Indiana domiciled insurance company with its principal place of business in Indiana that provides insurance products for the transportation industry. AIFE is registered with the South Carolina Department of Insurance to provide insurance policies in the State of South Carolina. At all times referenced herein, AIFE was acting as an agent of Defendant American Inter-Fidelity Corporation.

2. Defendants Lawrence and Mary Washington ("Washington defendants") are individuals who are citizens of the state of South Carolina.

3. Defendant Kym Michelle Koontz ("Koontz") is an individual who is a citizen of the state of North Carolina.

4. Defendant Thurmond Logistics, LLC, AKA R. Thurmond Logistics, LLC ("Thurmond") is a limited liability corporation with its principal place of business located in the State of North Carolina.

5. The loss and claims at issue in this case arise out of an automobile accident that occurred in Dorchester County, South Carolina.

6. Jurisdiction exists because there is complete diversity of citizenship between AIFE and the Defendants, and the amount in controversy, including the potential costs of defending and indemnifying Koontz and Thurmond, exceeds $75,000.00. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

7. Venue is appropriate under 28 U.S.C. § 1391 because the because the accident giving rise to this dispute occurred in this district.

8. This is an insurance coverage action brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. §§ 2201-2202, and Federal Rule of Civil Procedure 57 to determine whether AIFE has a duty to defend or indemnify Koontz and Thurmond for all claims related to and arising out of the actions alleged in the underlying lawsuit styled, *Lawrence Washington and Mary Washington v. Kym Michelle Koontz and Thurmond Logistics, LLC, AKA R. Thurmond Logistics, LLC*, civil action number 2023-CP-38-0393 ,currently pending in the Court of Common Pleas for Orangeburg County, South Carolina ("Underlying Lawsuit"). A true and correct copy of the Complaint in the Underlying Lawsuit is attached as Exhibit A, and the allegations of the Complaint are incorporated as if fully stated here.

## FACTUAL BACKGROUND

**A.     Underlying Lawsuit**

9.     The Washington Defendants filed the Underlying Lawsuit on March 17, 2023, against Koontz and Thurmond seeking damages for the injuries and damages they sustained arising out of an automobile accident. Exhibit A is a true and accurate copy of the Underlying Lawsuit.

10.    Specifically, the Complaint filed in the Underlying Lawsuit alleges that on March 19, 2020, Plaintiff Lawrence Washington was operating his 2011 Toyota sedan bearing SC tag if SCU201 and was traveling eastbound on Interstate 26 in Dorchester County, South Carolina with his wife, Plaintiff Mary Washington, who was a passenger.

11.    That at or about the same time, Defendant Driver Kym Koontz, individually and as an agent of Thurmond Logistics, LLC was operating a 2013 International Tractor Truck, owned by Thurmond Logistics, LLC bearing NC tag#NL1878, and also traveling eastbound on Interstate 26 when she failed to pay attention and observe that the roadway and traffic, made an improper lane change and sideswiped the Plaintiffs vehicle resulting in injuries to both person and property.

12.    Koontz was allegedly served with a copy of the Summons and Complaint by publication on January 9, 2024.

13.    Thurmond was allegedly served with a copy of the Summons and Complaint on January 8, 2024.

14.    Neither Koontz nor Thurmond reported that they had been served with the Underlying Lawsuit to AIFE.

15.    Neither Koontz nor Thurmond responded to the Complaint within 30 days of being served.

16. The Washington Defendants moved for an entry of default against Koontz and Thurmond and default was entered against them on March 15, 2024.

**B.    The Policy**

17. AIFE issued policy number L19A5200 with effective dates of December 27, 2019 to December 31, 2020 in Indiana to Carolina National Transportation ("CNT"), a corporation located in Valparaiso, Indiana.

18. The Policy provides commercial auto liability coverage with limits of $1,000,000 pursuant to the terms and conditions of the policy and agreement. Exhibit B is a true and accurate copy of the Policy.

19. Koontz and Thurmond are insureds under the policy.

20. AIFE is currently defending Koontz and Thurmond under a full reservation of its rights under the terms of the Policy.

21. The Policy issued to CNT contains the following provisions:

**PART ONE**
**DEFINITIONS**

When used throughout this Policy:

10. "Suit" means a civil proceeding in which:
    A. Damages because of "bodily injury" or "property damage": or
    B. A " covered pollution cost or expense",

      to which the insurance applies, are alleged.
          "Suit" includes:

          a. An arbitration proceeding in which such damages or "covered pollutions cost or expense" are claimed and to which the "insured" must submit or does submit with our consent, or

          b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution cost or expense" is claimed and to which the "insured" submits with our consent.

3. <u>Out of State Coverage's Extensions:</u> While a covered "auto" is away from the state where it is licensed we will provide the minimum amounts and types of coverage's required for the out of state vehicles by jurisdiction where the accident arose. We will not pay anyone more than once for the

## PART SEVEN
## GENERAL CONDITIONS

1. **Duties after an accident or loss:** We must be notified promptly of every accident or loss which may become a claim under this policy.

In addition, any involved "insured" must:
   a. Assume no obligation, make no Payment, or incur no expense without our consent except at the "insured" own cost or expense.
   b. Immediately send us copies of any request, demand, order, summons, or legal paper received concerning the claim or "suit"
   c. Cooperation with us in the investigation or settlement of the claim or defense against the "suit".
   d. If an insured person as defined under Part III (2) (B) of this policy fails to cooperate with us in the investigation, defense or settlement of any accident, such failure to cooperate shall constitute a failure to cooperate by the Named Insured if the allegations against the Named Insured in such accident are based on the insured person as defined under Part III (2) (B) being the agent, servant, employee or leased driver for the Named Insured.

6. **Place of Agreement:** This agreement has been entered into, and the policy issued, in the State of Indiana, all of the terms and provisions of which shall be governed by laws of such state.

## PUNITIVE OR EXEMPLARY DAMAGE EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

Commercial Auto Liability Policy

All other terms and conditions of the policy remain unchanged.

---

This insurance does not apply to punitive damages, exemplary damages, fines, penalties, treble damages or other increase in damages resulting from the multiplication of compensatory damages, in whatever form assessed.

22. Koontz and Thurmond's failure to report the suit to AIFE before entry of default has prejudiced AIFE's ability to defend allegations of fault against Koontz and Thurmond and the extent and nature of the injuries and damages alleged by the Washington Defendants in the Underlying Lawsuit.

23. AIFE is entitled to a judicial declaration that it owes no duty to defend or indemnify Koontz and Thurmond with regard to the claims against them in the Underlying Lawsuit.

**FOR A FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT**

24. The allegations contained in paragraphs 1 through 23 are incorporated as if fully stated here.

25. AIFE seeks a determination from this Court whether it has a duty to defend Koontz and Thurmond under the Policy in connection with the claims alleged against them in the Underlying Lawsuit.

26. The Policy contains a condition precedent to coverage that required Koontz and Thurmond to immediately report the suit to AIFE and to cooperate in the defense of the suit.

27. AIFE had no actual knowledge of the Underlying Lawsuit before Koontz and Thurmond were placed in default.

28. Koontz and Thurmond failed to comply with the condition precedent to coverage that they report the suit to AIFE and cooperate in the defense of the suit.

29. Because Koontz and Thurmond failed to comply with the condition precedent, AIFE has no duty to defend or indemnify them for the allegations contained in the Underlying Lawsuit.

30. In addition, in the event punitive damages are awarded against Koontz and Thurmond, the Policy provides no coverage for those damages.

WHEREFORE, a justiciable controversy exists between the parties in this action arising out of these claims. Therefore, AIFE asks this Court to construe and determine the rights of the parties and to declare that:

a. The Policy issued by AIFE to CNT does not provide coverage for the claims asserted in the Underlying Lawsuit; and

b. AIFE has neither a duty to defend nor a duty to indemnify Koontz and Thurmond for the claims and damages asserted in the Underlying Lawsuit.

c. The Policy provides no coverage for punitive damages.

AIFE prays that it be granted the relief set forth above, the costs of this action, and any such other and further relief as this Court shall deem just and proper.

*[Signature page to follow]*

        **GALLIVAN, WHITE & BOYD, P.A.**

**By:**   <u>*s/A. Johnston Cox*</u>
        A. Johnston Cox (Fed. I.D. No. 6534)
        1201 Main Street, Suite 1200
        Post Office Box 7368
        Columbia, South Carolina 29202
        Telephone:  803-779-1833
        Facsimile:  803-779-1767
        jcox@GWBlawfirm.com

*Attorney for American Inter-Fidelity Corp., as attorney in fact for American Inter-Fidelity Exchange*

September 5, 2024